**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DORANELLY CONTRERAS CORIA; RAUL RODRIGUEZ RODRIGUEZ,

          Petitioners,

  v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

No. 22-893

Agency Nos.
A099-416-250
A202-151-816

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2023**
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF, District Judge.***

Doranelly Contreras Coria and her husband Raul Rodriguez Rodriguez

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

(Petitioners), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

The agency's denial of Petitioners' applications for asylum and withholding of removal is supported by substantial evidence. The record does not demonstrate that Petitioners' proposed group – "Mexican business owners" – is "composed of members who share a common immutable characteristic," or that Mexican society perceives business owners as a distinct social group. *See Macedo Templos v. Wilkinson,* 987 F.3d 877 (9th Cir. 2021) (quoting Matter of M-E-V-G-, 26 I. & N. Dec. 227, 237 (BIA 2014)). Thus, Petitioners failed to establish that their proposed social group is cognizable. *See id*. at 882-83 (affirming BIA's determination that "Mexican wealthy business owners who do not comply with extortion attempts" was not a cognizable particular social group).

Substantial evidence also supports the agency's determination that Petitioners failed to establish that the fear or harm they experienced was or would be on account of a political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by

2

criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gangs ideals or that the gang imputed a particular political belief to the petitioner) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Accordingly, we affirm the agency's conclusion that Petitioners have not demonstrated eligibility for asylum or withholding of removal.

For the CAT claim, the agency found that, under the totality of the circumstances, Petitioners were not likely to face future torture, given their ability to relocate within Mexico and thereby avoid their past abusers. *See* 8 C.F.R. §1208.16(c)(3)(ii) (stating that the CAT analysis includes considering "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured"). The record does not compel a different conclusion. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704-05 (9th Cir. 2022) (holding that substantial evidence supported the denial of CAT relief based on the possibility that the petitioner could safely relocate in Mexico).

Finally, we need not address Petitioners' contention that they experienced a cumulative amount of harm that rose to the level of persecution because the agency concluded that Petitioners did not establish a nexus to any protected

3

ground. Accordingly, even if the cumulative harm rose to the level of persecution, the lack of nexus to a protected ground precludes relief. *See Macedo Templos*, 987 F.3d at 883.

**PETITION DENIED.**